**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 14-cv-954-RGA |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| ADTRAN, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| ADTRAN, INC., | ) | |
| | ) | |
| Plaintiff and | ) | C.A. No. 15-cv-121-RGA |
| Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| TQ DELTA, LLC, | ) | |
| | ) | |
| Defendant and | ) | |
| Counterclaim Plaintiff. | ) | |

**PROPOSED AMENDED SCHEDULING ORDER**

This _____ day of March, 2016, the Court having conducted a Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. This order hereby amends the Stipulated Preliminary Scheduling Order, dated January 5, 2015, where applicable.

2. Discovery.

   a. The parties may continue to conduct discovery limited to the following issues:

      i. infringement and non-infringement,

      ii. the structure, function, and operation of each accused product,

      iii. the identification of hardware, firmware, and software components relating to DSL functionality for each accused product, and the suppliers of such components,

      iv. monthly or yearly units and revenue for each accused product by location of manufacture and sale, and

      v. damages, if any, provided however that discovery in addition to that listed in Paragraph 4.a.iv. above during this phase shall be limited to summary damages information sufficient to allow the parties to assess the potential value of the case.

      vi. License or exhaustion defenses, including matters related to: 1. the efficacy, applicability, enforceability, validity, scope, and interpretation of any license agreement(s) that a party contends is applicable to the patents-in-suit, including whether the terms of any such license agreement(s) have been satisfied; and 2. An accounting for royalty payments for any license agreement(s) that a party contends is applicable to the patents-in-suit.

**TQ Delta Proposal:**

Discovery on all other issues shall not begin (unless agreed by the parties) until a date to be set by the Court at the next status/scheduling conference to take place on _____.

**ADTRAN Proposal:**

Discovery on categories (i), (ii), and (iii) shall be commenced in time to be completed by June 3, 2016; provided, for good cause shown within thirty (30) days of the Court's entry of a

claim construction order, a party may serve discovery on specific issues in response to the claim construction order as may be permitted by Court, such additional discovery to be completed within sixty (60) days of the Court's order allowing the same.  Discovery on all other issues shall not begin (unless agreed by the parties) until a date to be set by the Court at the next status/scheduling conference, which date shall be set by the Court.

**TQ Delta Proposal:**

3. Claim Construction Issue Identification. On or before April 15, 2016, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than May 6, 2016. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

4. Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening brief, not to exceed 30 pages, on June 3, 2016.  The defendant shall serve, but not file, an answering brief, not to exceed 40 pages, on July 1, 2016.  The plaintiff shall serve, but not file, its reply brief, not to exceed 30 pages, on July 22, 2016.  The defendant shall serve, but not file, a sur-reply brief, not to exceed 20 pages, on August 5, 2016.  No later than August 12, 2016, the

parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I.   Agreed-upon Constructions

II.  Disputed Constructions

   A.   [TERM I]

      1.   Plaintiff's Opening Position
      2.   Defendant's Answering Position
      3.   Plaintiffs Reply Position
      4.   Defendant's Sur-Reply Position

   B.   [TERM 2]

      1.   Plaintiffs Opening Position
      2.   Defendant's Answering Position
      3.   Plaintiff's Reply Position
      4.   Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

      5.   Hearing on Claim Construction. Beginning at 9:00 a.m. on October 5, 2016, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

**ADTRAN Proposal:**

3. Narrowing the Case:  No later than May 13, 2016, Plaintiff shall serve an election of claims for claims construction; for patent subfamilies 1A, 1B, and 9A, 9B, TQ Delta shall identify no more than three claims per subfamily (for a total of twelve claims); for patent families 2-8 and 10, TQ Delta shall identify an average of three claims per family (for a total of twenty-four claims).

4. Claims Construction on Certain Patents in Common with Related TQ Delta MoCA Litigation.  The Court has before it the following cases, brought by Plaintiff TQ Delta, LLC and involving a subset of the same patents at issue in this litigation:  TQ Delta, LLC v. Comcast Cable Communications, LLC, C.A. No. 15-cv-611-RGA; TQ Delta, LLC v. Coxcom LLC and Cox Communications, Inc., C.A. No. 15-cv-612-RGA; TQ Delta, LLC v. Time Warner Cable Inc. and Time Warner Cable Enterprises LLC, C.A. No. 15-cv-615-RGA; TQ Delta, LLC v. Verizon Services Corp., C.A. No. 15-cv-616-RGA; TQ Delta, LLC v. DISH Network Corp., DISH Network LLC, and DISH DBS Corp., C.A. No. 15-cv-614-RGA; and TQ Delta, LLC v. DirecTV, DirecTV, LLC, DirecTV, Inc., TheDirecTV Group, INc. and DirecTV Holdings LLC, C.A. No. 15-cv-613-RGA (collectively, the "Related TQ Delta MoCA Cases").  The Court has previously entered a Scheduling Order in the Related TQ Delta MoCA Cases (D.I. 18) setting a schedule for claims construction.  The Court finds that in the interest of judicial economy and fairness, the claims for the patents in common between this case and the Related TQ Delta MoCA Cases should be construed at the same time.  The following patents are asserted in both this case and the Related TQ Delta MoCA Cases (collectively, the "MoCA Patents"):

Family 1 (Diagnostic Mode):  U.S. Patent Nos. 7,835,430; 8,238,412; 8,432,956

Family 7 (Low Power Mode): U.S. Patent No. 8,611,404

      a.      Claim Construction Issue Identification (MoCA Patents): On or before May 27, 2016, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before June 17, 2016, the parties shall exchange a list of their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than June 24, 2016. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

      b.      Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening brief, not to exceed 25 pages, on July 15, 2016. The Defendant shall serve, but not file, its answering brief, not to exceed 35 pages, on August 19, 2016. The Plaintiff shall serve, but not file, its reply brief, not to exceed 25 pages, on September 2, 2016. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 15 pages, on September 16, 2016. No later than September 23, 2016, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

A.  [TERM I]

    1.      Plaintiff's Opening Position
    2.      Defendant's Answering Position
    3.      Plaintiffs Reply Position
    4.      Defendant's Sur-Reply Position

B.  [TERM 2]

    1.      Plaintiffs Opening Position
    2.      Defendant's Answering Position
    3.      Plaintiff's Reply Position
    4.      Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

      5.      Claims Construction on Remaining Patents.  This Court also has pending before it the following cases, which have a substantial overlap of patents and asserted claims with this case:  TQ Delta v. Pace PLC et al., Case No. 1:13-cv-1835 (D. Del.) , TQ Delta, LLC v. Zhone Technologies, Inc., C.A. No. 13-cv-1836-RGA, or TQ Delta, LLC v. ZyXel Communications, Inc. and ZyXel Communications Corporation, C.A. No. 13-cv-2013-RGA ("Related TQ Delta DSL Cases"). No claims construction schedule has been entered in the Related TQ Delta DSL Cases.  Claims construction proceedings for all remaining patents in this case shall be consolidated with claims construction in the Related TQ Delta DSL Cases, when such schedule is entered.

      **JOINT PROPOSAL:**

      6.      Remaining pretrial schedule:  All other dates and pretrial issues shall be addressed at the next status/scheduling conference.

                                                        _____
                                                         UNITED STATES DISTRICT JUDGE